IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
DAWN M. BLEVINS,              )
                              )
            Plaintiff,        )
                              )
vs.                           )     Case No. 07-1342-MLB
                              )
MICHAEL J. ASTRUE,            )
Commissioner of               )
Social Security,              )
                              )
            Defendant.        )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. Plaintiff filed her complaint in this case on November 6, 2007 (Doc. 1).  On January 25, 2008, defendant filed a motion to remand (Doc. 5).  Plaintiff has not filed a response to the motion.  The motion will therefore be considered and decided as an uncontested motion.  D. Kan. Rule 7.4.

Defendant requests a sentence six remand because the tape recording of the hearing held on March 7, 2006 was blank, preventing the preparation of a proper court record (Doc. 5 at 1).  A court may order a sentence six remand without ruling on

the merits if the Commissioner requests remand, for good cause, prior to filing his answer. Nguyen v. Shalala, 43 F.3d 1400, 1403 (10th Cir. 1994). Defendant has not filed his answer in this case. The motion indicates that, upon remand, the case will be assigned to an administrative law judge (ALJ) for a *de novo* review.

In a social security disability case, the court has the duty to meticulously examine the record and determine on the record as a whole whether the Commissioner's factual findings are supported by substantial evidence and whether the Commissioner applied correct legal standards. Pace v. Shalala, 893 F. Supp. 19, 20 (D. Kan. 1995). The entire administrative record is a necessary part of appellant's record on appeal. This area of law is fact-specific and our standard of review is deferential to the Commissioner; therefore, the complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied. Goatcher v. United States Dep't of Health & Human Services, 52 F.3d 288, 289 (10th Cir. 1995). A court has the authority to remand a case for further consideration if unable to exercise meaningful or informed judicial review because of an inadequate administrative record. Harrison v. PPG Industries, Inc., 446 U.S. 578, 594, 100 S. Ct. 1889, 1898, 64 L. Ed.2d 525 (1980). Thus, defendant, prior to

filing his answer, has shown good cause for the court to order a sentence six remand.

IT IS THEREFORE RECOMMENDED that defendant's motion (Doc. 5) be granted, that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence six remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on February 13, 2008.

                                s/John Thomas Reid
                                JOHN THOMAS REID
                                United States Magistrate Judge